IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEN SAVAGE ) <br> 1486 Cherry Road ) <br> Franklin, GA 30217 ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION ) <br> J. Edgar Hoover Building ) <br> 935 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20535 ) <br> ) <br> Defendant. ) <br> _____) | COMPLAINT <br> (Freedom of Information <br> Act, 5 U.S.C. §552) |

Comes now the Plaintiff, by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Federal Bureau of Investigation ("FBI").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Len Savage is a Federal Firearms Licensee, i.e., is licensed to transact business in firearms, including those regulated by the National Firearms Act ("NFA").

5. Defendant FBI is a component of the Department of Justice and an agency within the meaning of 5 U.S.C. § 552(f). Defendant FBI has possession, custody and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On April 9, 2018 Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant FBI. The FOIA was submitted via the FBI's eFOIPA Portal. A true and correct copy of the FOIA is attached as Exhibit "A."

7. The FOIA was in response to a Notice of Proposed Rulemaking from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seeking to redefine a "bumpstock" as a machinegun. See https://www.federalregister.gov/documents/2018/03/29/2018-06292/bump-stock-type-devices.

8. Pursuant to the Notice of Proposed Rulemaking, interested parties had until June 27, 2018 to provide comments to the ATF in support or opposition to the proposed rule.

9. The proposed rule was premised on an alleged "fact" that the shooting which occurred in Las Vegas, Nevada at the Mandalay Bay property on October 1, 2017 was committed with rifles which utilized bumpstocks as opposed to rifles which were machineguns.

10. Plaintiff, as a manufacturer, and who is knowledgeable about these devices, sought to provide a comment to the ATF regarding whether bumpstocks could be redefined as machineguns and to review documents regarding the firearms used in the shooting.

11. The FOIA sought two distinct classes of documents:

a. Any and all records documenting the use of a bump-fire type stock being used by anyone on or about Oct 1, 2017 at the Mandalay Bay shooting incident in Las Vegas, Nevada; and

b. Any and all records documenting the use of a bump-fire type stock used during the commission of any crime to date.

12. The FBI issued two separate denial letters.

13. The first denial letter, bearing Request No. 1402658-000, stated that Plaintiff's "request for 'records concerning the use of a bump-fire stock used during the commission of any crime to date' is not searchable in our indices. For your information, the FBI Central Records System is not arranged in a

manner that allows for the retrieval of information in the form for which you have requested." See Exhibit "B".

14. The FBI failed to adequately conduct a search for documents responsive to the request. FOIA requires that the requestor "reasonably describe such records" that the requestor seeks from the agency. See 5 USC § 552(a)(3)(A).

15. Plaintiff's request for documents concerning the use of a bump-stock used in the commission of a crime "reasonably describe[s] such records" under FOIA.

16. Plaintiff appealed that determination and it was affirmed. See Exhibit "C". As such, Plaintiff has exhausted his administrative remedies with respect to this portion of the FOIA.

17. As to the portion of the FOIA requesting records "documenting the use of a bump-fire type stock" at the Mandalay Bay shooting incident on or about October 1, 2017, the FBI denied that request under (b)(7)(A) because the release "could reasonably be expected to interfere with enforcement proceedings." This portion of the FOIA was given a Request No. 1402639-000. See Exhibit "D".

18. Plaintiff appealed this determination on May 22, 2018. See Exhibit "E".

19. Plaintiff's appeal was denied on August 13, 2018 with a short email stating as follows: "DOJ-AP-2018-005525 has been processed with the following final disposition: Affirmed on Appeal".

20. As such, Plaintiff has exhausted his administrative remedies for said portion of the FOIA and the entire FOIA is properly before this Court.

21. In a similar FOIA submitted to ATF on the same day Plaintiff submitted his FOIA to the FBI (and which is not part of this suit), the ATF has already provided thousands of pages of documents and is providing documents responsive to that FOIA currently on a rolling production basis.

22. Logically, because the ATF is a law enforcement agency, if there was an active enforcement proceeding, it would have simply refused to release any documents. However, because it is not believed that there are any active enforcement proceedings, the ATF provided documentation in response to Plaintiff's FOIA and is continuing to provide documentation.[1]

23. On August 3, 2018, the Las Vegas Metropolitan Police Department ("LVMPD") issued its final report regarding the shooting incident at Mandalay Bay. Due to the length of the document (187 pages), Plaintiff will link to it instead of attach it as an exhibit: https://www.lvmpd.com/en-

---

[1] The ATF is commended for producing documents responsive to Plaintiff's FOIA without the necessity of litigation.

us/Documents/1-October-FIT-Criminal-Investigative-Report-FINAL_080318.pdf.

24. LVMPD, in its Investigative Findings on page 126 of the Report, stated that "Paddock acted alone… investigators could not link Paddock to any specific ideology…nothing was found to indicate motive on the part of Paddock or that he acted with anyone else…"

25. As such, because Paddock is deceased and he "acted alone," there cannot logically be any "enforcement proceedings" that the FBI is basing the (b)(7)(A) exemption.

26. In fact, the LVMPD provided some information "obtained by the FBI" as referenced in its Report. For example, see footnote 29 "Information obtained by the FBI". These references to the FBI are spread throughout the Report.

27. The FBI's position that it will not release any information requested in the FOIA, including information that has previously been made public by the LVMPD or ATF, is erroneous.

28. As such, Plaintiff alleges that Defendant FBI has failed to adequately search for documents responsive to the request; has failed to properly release segregable responsive records; and has applied (b)(7)(A) improperly; and is

unlawfully withholding responsive records, and as such, should be ordered to produce responsive records with a full fee waiver immediately.

## COUNT I
### (Violation of FOIA - 5 U.S.C. §552 Against FBI)

29. Plaintiff realleges the previous paragraphs as if fully stated herein.

30. Defendant FBI is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

31. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant FBI is compelled to conform their conduct to the requirements of the law.

32. To the extent any portion of this suit is barred by current DC Circuit Court of Appeals precedent, Plaintiff specifically reserves that portion for appeal to the extent necessary for such appeal to the Supreme Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 15, 2018.

                          Respectfully Submitted,

                          LEN SAVAGE

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*